UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL J CHRISTOFF,
derivatively on behalf of Galexa,
Inc., a Florida corporation,

    Plaintiff,

v.                                      Case No.:   2:20-cv-546-SPC-NPM

PAUL INGLESE, NORTHSTAR
TECHNOLOGIES GROUP, INC.
and GALEXA, INC.,

    Defendants.

                                    /

## OPINION AND ORDER[1]

Before the Court is Defendants Paul Inglese and Northstar Technologies Group, Inc.'s Motion to Dismiss (Doc. 72). Plaintiff Michael Christoff responded (Doc. 88). The Court denies the Motion.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND[2]

This is a shareholder derivative action. Christoff sues on behalf of nominal Defendant Galexa, Inc. for fraud (trademark and computer), conversion, breach of fiduciary duties, and declaratory relief.

At various times, Christoff and Inglese were Galexa board members. Christoff invested money in the company, receiving a note to secure the debt (the "Note"). The Note was secured by some intellectual property (the "IP"). The IP belonged to Galexa. But Inglese developed the IP and thought it was his. So he took control of Galexa, created Northstar, and transferred the IP to the new entity (or himself). Then, Northstar competed with Galexa. Through other conduct, Inglese also breached fiduciary duties. If that wasn't enough, after resigning from Galexa, Inglese hacked into its website and data storage—damaging the company's ability to operate.

Now, Defendants move to dismiss. They say this isn't a true derivative action. Even if it were, Defendants think Christoff failed to make the required statutory demand on Galexa before suing. Since that did not happen, as the argument goes, Christoff lacks standing.

---

[2] As described below, this is not a jurisdictional challenge. Rather, Defendants move to dismiss for failure to state a claim. So these are the well-pled facts, which the Court accepts as true and view most favorably to Christoff. *Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1319 (11th Cir. 2021).

2

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

## DISCUSSION

In general, shareholders cannot sue for injuries to a corporation. *James Talcott, Inc. v. McDowell*, 148 So. 2d 36, 37 (Fla. Dist. Ct. App. 1962). Instead, the company must sue in its own name. *Id.* Sometimes, however, a shareholder may bring a derivative action on behalf of the entity. *Id.* If so, the company "is the real party in interest," and the shareholder is "only a nominal plaintiff." *Id.* These actions may exist when "the corporation has wrongfully refused to bring suit" based on the directors' "fraud, bad faith, or gross abuse of discretion." *Id.*

Before filing a derivative action, the shareholder must first give the company a chance to act. *Rappaport v. Scherr*, 322 So. 3d 138, 142 (Fla. Dist. Ct. App. 2021). This is called making a demand. *Id.* And it makes good sense because the directors—not the shareholders—manage corporate affairs. 13 *Fletcher Cyclopedia of the Law of Corporations* § 5963 (2021 update). So when a shareholder demands action, the corporation (through its board) must decide how to respond. *Freedman v. magicJack Vocaltec, Ltd.*, 963 F.3d 1125, 1134 (11th Cir. 2020). In Florida, the shareholder demand requirement is codified by statute. Fla. Stat. § 607.0742.

At this point, it is necessary to orient the analysis.

Both parties frame the issues in terms of Article III standing. "That is incorrect." *Deal v. Tugalo Gas Co.*, 991 F.3d 1313, 1322 (11th Cir. 2021). Despite the labels, Defendants do not attack Christoff's constitutional standing. Instead, they contend the claims fail for other reasons (i.e., Christoff did not state a claim). On each disputed issue, state law governs. *Id.* at 1319; *magicJack*, 963 F.3d at 1134. Florida is the relevant state.

If the Court can liberally construe Defendants' argument to mean faulty demand is a jurisdictional defect, it fails. Federal courts look to state law to decide whether statutory notice is jurisdictional. *See Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 583-84 (5th Cir. 2013); 13 *Fletcher Cyclopedia of the*

4

*Law of Corporations* § 5972.50 (2021 update).[3] In other contexts, Florida courts hold that lack of presuit notice is not a jurisdictional defect. *E.g.*, *Hosp. Corp. of Am. v. Lindberg*, 571 So. 2d 446, 448-49 (Fla. 1990) ("While such a condition precedent to suit is necessary in order to maintain a cause of action, the failure to do so does not divest the trial court of subject matter jurisdiction.").[4] To be sure, Christoff needed to make a presuit demand on Galexa or provide reasons it would be futile. Fla. Stat. § 607.0742(2)(a), (c); *see also* Fla. Stat. § 607.0741(1) (explaining who qualifies as a shareholder). But if the demand is wanting, that raises trouble for Christoff's statutory—not constitutional—standing. *See Tugalo*, 991 F.3d at 1322-23.

In this context, the term "standing" is somewhat misleading. Whether Christoff has prudential or statutory standing does not implicate subject-matter jurisdiction; the inquiry is whether he has a cause of action. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014). So the statutory standing question follows Rule 12(b)(6), not Rule 12(b)(1).

---

[3] *See also Santander Bank, N.A. v. Harrison*, 858 F. App'x 408, 409 (2d Cir. 2021) ("State law governs the question whether state notice requirements are jurisdictional in a diversity case."); *Freeman v. Fla. Dep't of Bus. & Prof. Reg.*, No. 6:14-cv-333-Orl-37DAB, 2014 WL 6673559, at *5 (M.D. Fla. Nov. 24, 2014).

[4] *Splash & Ski, Inc. v. Orange Cnty.*, 596 So. 2d 491, 495 (Fla. Dist. Ct. App. 1992); *Martinez v. Abraham Chevrolet-Tampa, Inc.*, 891 So. 2d 579, 581 (Fla. Dist. Ct. App. 2004); *see also Mancini v. Personalized Aid Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1377 (Fla. Dist. Ct. App. 1997) ("Failure to comply with the notice provision of [the statute] requires dismissal of the complaint for failure to state a cause of action."); *Oliveros v. Adventist Health Sys./Sunbelt, Inc.*, 45 So. 3d 873, 875-76 (Fla. Dist. Ct. App. 2010).

*Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1274 n.6 (11th Cir. 2018); *Griffin v. S. Co. Servs., Inc.*, 635 F. App'x 789, 792 (11th Cir. 2015).

With that settled, the inquiry becomes much simpler. The Court will not consider the depositions, affidavits, and other summary-judgment type evidence attached to the briefing. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Instead, the Complaint and its exhibits control. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). And the dispute proceeds in two parts.

### A.  Nature of Suit

First, Defendants say this is not a true derivative action. According to them, this is a direct suit Christoff should have brought in his own name. Like Christoff, the Court disagrees.

A direct action is "a suit by a stockholder to enforce a right of action existing in the stockholder." *Fort Pierce Corp. v. Ivey*, 671 So. 2d 206, 207 (Fla. Dist. Ct. App. 1996). To bring that case, a shareholder must meet two requirements:

> (1) there is a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from an initial harm to the company, **and** (2) there is a special injury to the shareholder or member that is separate and distinct from those sustained by the other shareholders or members.

6

*magicJack*, 963 F.3d at 1136 (quoting *Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 739-40 (Fla. Dist. Ct. App. 2014)). If she cannot satisfy that test (or fall into an exception), "the action must be maintained derivatively." *Dinuro*, 141 So. 3d at 740.

"An injury is not direct if it flows first to the company and only secondarily to the aggrieved shareholder." *Arbitrage Fund v. Petty*, 307 So. 3d 119, 125 (Fla. Dist. Ct. App. 2020). This analysis "must compare the individual's harm to the company's harm." *Dinuro*, 141 So. 3d at 736. And a direct suit exists "if the damages are unrelated to the damages sustained by the company." *Id.* In other words, "the company would have no right to recover in its own action." *Id.*

Here, it is easy to conclude the harm alleged is not direct. According to Defendants' characterization, all this case relates to is the IP Christoff wants to get his hands on by foreclosing on the Note. To be sure, Defendants' conduct involving the IP is central. But the Complaint also alleges Defendants committed other wrongs that harmed Galexa only. These include computer hacking and breaching fiduciary duties. Defendants do not contend those could somehow be directed to Christoff.

What's more, even if Defendants are correct, the harm is still indirect. As alleged, any harm to Christoff flows secondarily from Galexa's injury. According to Christoff, Inglese essentially stole Galexa's IP. So Galexa

7

sustained the direct injury regardless of any knock-on effect that may have on Christoff's right to foreclose the Note.

Finally, this action pursues several claims and remedies—enforcing the Note is not among either. While a shareholder-plaintiff's motivations may be relevant, they are not determinative on these allegations. *See Adiel v. Elec. Fin. Sys., Inc.,* 513 So. 2d 1347, 1347-48 (Fla. Dist. Ct. App. 1987) (holding shareholder not adequate representative because "his motivation in pursuing the suit was inimical to the interests of the [other] shareholders"). The fact Christoff may ultimately try to foreclose the Note does not automatically make his motivation inimical to the interests of Galexa shareholders. As pled, Defendants stole Galexa's IP. Christoff seeks to recover that for Galexa. This is in the interests of other shareholders despite what may—or may not— happen with the IP later. So right now, there is no reason to doubt Christoff "fairly and adequately represent[s] the interest of [other] shareholders." *See* Fed. R. Civ. P. 23.1(a).

Because the Complaint plausibly alleges a proper derivative action, the Motion is denied in part.

**B. Demand**

Having concluded the action is derivative, the Court must next decide whether Christoff satisfied the demand requirement. Christoff plausibly alleges he made the required demand.

8

Christoff alleges he complied with the presuit demand requirement. For a typical condition precedent, that usually is enough. Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). But derivative action demands have a higher pleading standard. Fed. R. Civ. P. 23.1; *Staehr v. Alm*, 269 F. App'x 888, 891 (11th Cir. 2008). Still, the Complaint is enough. The pleading did not stop with a general allegation. Christoff alleges the demand was refused. And he provided the demand served on Galexa's board members.[5] (Doc. 41-3 at 5-6). In short, the allegations on Christoff's demand are enough to go forward. Any factual dispute outside the pleadings will need to be resolved at a later stage.

So as to the demand, the Motion fails too.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 72) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 11, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[5] At a minimum, Christoff served his demand on Galexa's registered agent, which is sufficient. Fla. Stat. § 607.0504 ("Any notice or demand on a corporation under this chapter may be given or made to . . . the registered agent of the corporation at the registered office.").

9