UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL J. CHRISTOFF,
derivatively on behalf of Galexa,
Inc., a Florida corporation,

    Plaintiff,

v.                                     Case No.:   2:20-cv-546-SPC-NPM

PAUL INGLESE, NORTHSTAR
TECHNOLOGIES GROUP, INC.
and GALEXA, INC.,

    Defendants.
_____/

## ORDER[1]

Before the Court is Defendants Paul Inglese and Northstar Technologies Group, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 85). Plaintiff Michael Christoff responded (Doc. 103). The Court denies the Motion.

## BACKGROUND

This is a shareholder derivative action. Christoff sues on behalf of nominal Defendant Galexa, Inc. for fraud (trademark and computer), conversion, breach of fiduciary duties, and declaratory relief.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

At various times, Christoff and Inglese were Galexa board members. Christoff invested money in the company, receiving a note to secure the debt (the "Note"). The Note was secured by some intellectual property (the "IP"). The IP belonged to Galexa. But Inglese developed the IP and thought it was his. So he took control of Galexa, created Northstar, and transferred the IP to the new entity (or himself). Then, Northstar competed with Galexa. Through other conduct, Inglese breached some fiduciary duties. If that wasn't enough, after resigning from Galexa, Inglese hacked into its website and data storage—damaging the company's ability to operate.

With the pleadings closed, Defendants want judgment on Count 3. That claim seeks to declare Galexa owns the IP. Defendants say the Court cannot make the declaration because it requires factual findings and (aside from that) the relief is duplicative.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at

2

1335. To decide if judgment is appropriate, courts accept all material facts alleged as true and view them most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). In general, a 12(c) motion follows "the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

## DISCUSSION

The Court first tackles duplicity. Defendants contend Count 3 must be dismissed because it is duplicative of other claims. Not so. Time and again, this Court refused to dismiss declaratory judgment actions simply because they might duplicate another claim. *E.g.*, *Hanus v. AIG Prop. Cas. Co.*, No. 2:20-cv-814-FtM-38NPM, 2020 WL 6154813, at *1 (M.D. Fla. Oct. 20, 2020). The reason is simple: 12(c) motions "only test the validity of a claim, not its redundancy." *See Falcaro v. Integon Nat'l Ins.*, No. 2:20-cv-327-FtM-38MRM, 2020 WL 4734902, at *1 (M.D. Fla. Aug. 14, 2020) (citation omitted); *Carbone*, 910 F.3d at 1350. The Federal Rules buttress that conclusion. Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

Typically—as here—a pleading-stage motion to dismiss a duplicative dec action is really a mislabeled request to strike. Fed. R. Civ. P. 12(f) ("The court may strike . . . any redundant . . . matter."). Apart from that procedural irregularity, these motions rarely accomplish anything. In short, they're "time

wasters" like other motions to strike. *See Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016) (citation omitted). If Count 3 is truly duplicative, it will add nothing to this case. And the Court can address that matter later in the proceedings at its discretion. *See* 28 U.S.C. § 2201(a) (stating a court "may" declare rights and relations); *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014).[2]

With duplicity out, Defendants contend judgment is proper because Count 3 requires factual determinations. Again, the Court disagrees. Declaratory relief exists "to clarify the legal relations and is not for the purpose of making factual determinations." *Medmarc Cas. Ins. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011). As the Court understands Christoff's theory, there will be no need to resolve disputed questions of fact through Count 3.

Christoff believes Inglese had a fiduciary duty to assign the IP to Galexa. Right now, the Court does not see how the allegations supporting Count 3 require resolving any facts. What's more, to the extent that they might, it seems the dispute would overlap in part with Count 5 (breach of fiduciary duties). *See Ono's Trading Co. v. Parnell*, No. 04-0706-CG-C, 2006 WL 8437743, at *8 (S.D. Ala. Nov. 22, 2006) (addressing similar theory within a

---

[2] If necessary to even reach the issue, the Court agrees with Christoff that Count 3 is not duplicative for the reason outlined in his response.

4

claim for breached fiduciary duties).  Again, there is no declaration to make at this stage of the case.  And the Court can exercise its discretion to refrain from making any improper declarations later on.  So Defendants' argument on a factual dispute fails too.

Accordingly, it is now

**ORDERED:**

Defendants' Motion for Partial Judgment on the Pleadings (Doc. 85) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 2, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record