UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL J. CHRISTOFF,
derivatively on behalf of Galexa,
Inc., a Florida corporation,

    Plaintiff,

v.                                    Case No.: 2:20-cv-546-SPC-NPM

PAUL INGLESE, NORTHSTAR
TECHNOLOGIES GROUP, INC.
and GALEXA, INC.,

    Defendants.
_____/

### ORDER[1]

Before the Court is Defendant Northstar Technologies Group, Inc.'s Motion for Summary Judgment (Doc. 86). Plaintiff Michael Christoff responded (Doc. 104), to which Northstar replied (Doc. 111). Within the briefing, Christoff seeks more discovery before a final response. (Doc. 104 at 12-13, 15). The Court construes this as a request under Rule 56(d). *See Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988) (relaxing the requirement for an attorney to file an affidavit in support).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

In general, courts should not grant summary judgment before the nonmovant can gather facts to oppose it. *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). So in response to a motion, a party may seek more time to take necessary discovery. Fed. R. Civ. P. 56(d). But those seeking the protection of Rule 56(d) cannot rely on vague assertions that more discovery is needed. *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019). Instead, a party "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (cleaned up).

After reviewing the briefing and record, the Court exercises its discretion to deny summary judgment without prejudice. *See id.* at 844 (reaffirming that Rule 56(d) "is infused with a spirit of liberality" (cleaned up)).

Christoff's argument on incomplete discovery is well taken. He points to significant outstanding discovery for summary judgment. This includes two motions (and supplemental motion) to compel, depositions of Northstar and Defendant Paul Inglese, along with written discovery. Because potentially significant discovery is outstanding, Plaintiff does not yet have all the information needed to respond to summary judgment. *Compare Wallace v. Brownell Pontiac-GMC Co. Inc.*, 703 F.2d 525, 527-28 (11th Cir. 1983)

(explaining courts can—but are not required to—defer summary judgment in light of a motion to compel), *with* [Dean v. Barber, 951 F.2d 1210, 1213-14 (11th Cir. 1992)](#) (holding it was error to rule on summary judgment without first resolving motion to compel).[2] The issue is particularly pronounced here: with Northstar saying it's entitled to judgment largely because Christoff failed to present admissible evidence. *See generally* ([Doc. 111](#)).

Discovery does not close until next month and dispositive motions aren't due until April. So summary judgment is premature, and there is good cause to grant Christoff's request for more time. *See, e.g.*, [Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Classic Yacht Serv., Inc., No. 2:18-cv-153-FtM-99UAM, 2019 WL 1858294, at *1 (M.D. Fla. Apr. 25, 2019)](#); [*Mullins-Shurling v. Sch. Bd. of Lee Cnty.*, No. 2:15-cv-323-FtM-38CM, 2016 WL 3570958, at *1 (M.D. Fla. July 1, 2016)](#). Northstar can simply move again for summary judgment after any necessary discovery takes place.[3]

Accordingly, it is now

**ORDERED:**

---

[2] *See, e.g.*, [*Rosolen v. Home Performance All., Inc.*, No. 2:19-cv-24-FtM-38NPM, 2019 WL 6251358, at *1 (M.D. Fla. Nov. 23, 2019)](#) (denying summary judgment because a pending motion to compel was relevant); [*Ceant v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-20159-Civ-SCOLA, 2012 WL 12845624, at *1 (S.D. Fla. Aug. 13, 2012)](#) (same).

[3] This Order should not be construed as passing any judgment on the pending discovery Motions. Those are before Judge Mizell. And the Court does not intend to imply anything about the merits of those Motions through this Order.

Defendant's Renewed Motion for Final Summary Judgment (Doc. 86) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4