UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL J. CHRISTOFF,

      Plaintiff,

v.                                           Case No. 2:20-cv-546-SPC-NPM

PAUL INGLESE,
NORTHSTAR TECHNOLOGIES
GROUP, INC., and
GALEXA, INC.,

      Defendants.

## ORDER

Before the court is plaintiff Michael Christoff's motion to intervene (Doc. 108). Christoff is a shareholder of nominal defendant Galexa, Inc. He sues Paul Inglese and Northstar Technologies Group, Inc. derivatively on behalf of Galexa, which is now defunct. Meanwhile, Inglese and Northstar assert crossclaims against Galexa. But since Galexa has failed to participate in this litigation, clerk's defaults were entered against it. (Docs. 101, 106). And now, Inglese and Northstar have requested the entry of a default judgment against Galexa on their crossclaims. (Docs. 107, 109). Wishing to be heard on the issue of whether such a default judgment should be entered, Christoff has moved to intervene as of right and permissively.

(Doc. 108 (citing Fed. R. Civ. P. 24(a)(2) & (b)(1)(B)). Inglese and Northstar oppose the motion. (Doc. 126).

Yet both sides miss the mark. Rule 24 intervention is intended to allow movants who are ***not*** parties to the litigation to have a say in the case. *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) ("The purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding."). "One who is *not an original party* to a lawsuit may of course become a party by intervention, substitution, or third-party practice." *Karcher v. May*, 484 U.S. 72, 77 (1987) (emphasis added) (citation omitted). Even the rule says that intervention as of right may be required, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Since Christoff is already a party, his request to intervene is **DENIED as moot**. *See, e.g.*, *Vistar Techs. Corp. v. Tavory*, No. 06-cv-80535, 2010 WL 11505184, *3 (S.D. Fla. Oct. 6, 2010) (denying as moot motion to intervene because two cases were consolidated, and movant was already a party). No authority has been presented, and the court finds none, for the proposition that a party may not be heard concerning a motion before the court. *See generally* M.D. Fla. R. 3.01 (allowing a "party" to respond to a motion without qualification). And given the interests at stake, Christoff's input would likely enable the court to fully consider the issues and reach a fair and appropriate ruling. By **March 24, 2022**, Christoff may

respond to Northstar's and Inglese's motions for default judgment against Galexa (Docs. 107, 109).

          **ORDERED** on March 10, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE