UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL J. CHRISTOFF,
derivatively on behalf of Galexa,
Inc., a Florida corporation,

    Plaintiff,

v.                                          Case No.:   2:20-cv-546-SPC-NPM

PAUL INGLESE, NORTHSTAR
TECHNOLOGIES GROUP, INC.
and GALEXA, INC.,

    Defendants.
                                              /

## **ORDER**[1]

Before the Court is a sua sponte review of the case. Judge Mizell partly granted Plaintiff leave to amend. (Doc. 180). Given this ruling, the Court denies Defendants' Motion for Judicial Notice (Doc. 143), which appears moot (at least in part). What's more, because the operative complaint is outstanding, the Court denies both Motions for Summary Judgment (Docs. 154; 163) without prejudice, which renders the Motion for Extension of Time (Doc. 169) moot. *E.g.*, *Mendez v. Jarden Corp.*, No. 10-80966-CIV-DIMITROULEAS, 2011 WL 13135776, at *1 (S.D. Fla. Mar. 16, 2011) ("The filing of an amended

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

complaint renders a Motion for Summary Judgment on the original complaint moot."); *Southern-Owners Ins. v. MAC Contractors of Fla., LLC*, No. 2:18-cv-21-FtM-99MRM, 2019 WL 4888896, at *1 (M.D. Fla. Oct. 3, 2019). The parties may again move for summary judgment on the amended pleadings. When they do so, the Court would prefer any requests for judicial notice to be within the motion as opposed to filing as a separate request.

That said, the Court understands Defendants want four dispositive motions. The Court's practice is only to allow each side represented by the same counsel one motion. (Docs. 28 at 4; 83). Given the facts of this case, however, the Court grants Defendants permission to file two motions—one affirmative on their Crossclaims (limited to twenty-five pages) and one defensive on their opponent's claims (limited to forty pages). Best the Court can tell, Defendants mostly want extra briefing to address defensive issues. They may reallocate the pages allowed above as they see fit. For instance, they may file one sixty-five-page motion or a twenty-page affirmative motion and forty-five-page defensive motion—so long as the combined briefing does not exceed sixty-five pages.

Because Defendants need more briefing, Plaintiff should get the chance too. So Plaintiff may respond to the forthcoming motion(s) with a total of fifty pages. Like above, Plaintiff can allocate those pages as needed.

By separate entry, the Court will enter an amended scheduling order setting a new deadline for dispositive motions and all other remaining events. Accordingly, it is now

**ORDERED:**

1. Defendants' Motion Requesting Judicial Notice (Doc. 143) is **DENIED as moot**.

2. Defendant's Second Renewed Motion for Final Summary Judgment (Doc. 154) is **DENIED without prejudice**.

3. Plaintiff's Motion for Partial Summary Judgment on Counts 3 and 5 in its First Amended Complaint (Doc. 163) is **DENIED without prejudice**.

4. Defendants' Second Unopposed Motion for an Enlargement of Time (Doc. 169) is **DENIED as moot**.

5. The Court **GRANTS** Defendants' request for more than one summary judgment motion to the extent described above.

6. The Court will enter an amended scheduling order under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record